IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marquis Lamont Harris, | ) | Case No. 4:24-cv-00578-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Department of the Army United States Claims Service, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 10.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

Plaintiff's pro se Complaint was entered on the docket on February 2, 2024. [Doc. 1.] Plaintiff's allegations fall into two categories: (1) a Federal Tort Claims Act ("FTCA") claim based on his alleged rape and abuse by his step-father, an Army servicemember, in the 1980s and early 90s, and (2) constitutional claims under the First Amendment, Ninth Amendment, and Supremacy Clause for the denial of his administrative claim. [*Id*. at 3, 5–7.] Liberally construed, the claims in the second category are brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 (1971). Plaintiff appears to seek compensatory damages based on personal injury, loss of potential income, emotional pain and suffering, and future medical treatment. [*Id.* at 5, 7.]

On February 9, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed with prejudice for failure to state a claim because Plaintiff's FTCA claim is time barred and is proper only against the United States as the Defendant and because Plaintiff has not properly alleged his remaining constitutional claims under *Bivens*. [Doc. 10.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 6.] Plaintiff filed objections to the Report on February 15, 2024. [Doc. 12.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**DISCUSSION**

As to Plaintiff's FTCA claim, the Magistrate Judge first noted that an FTCA claim is proper only as against the United States as the defendant. [Doc. 10 at 2]; *see* 28 U.S.C. § 2679(a), (b)(1). Even if Plaintiff were to name the United States a defendant, the Magistrate Judge concluded that Plaintiff's FTCA claim would still be subject to summary dismissal because it is time barred. [Doc. 10 at 3–4.] The Magistrate Judge explained that Plaintiff's allegations demonstrate that Plaintiff knew of his claim by 2016 at the latest when he was found disabled "for the childhood trauma," and that the FTCA's statute of limitations is two years. [*Id*.] Plaintiff's Complaint in this action was filed on February 2, 2024, well beyond the two-year statute of limitations. [Doc. 1.]

Regarding Plaintiff's additional constitutional claims, the Magistrate Judge first noted that Plaintiff does not name individual persons as defendants, a requirement to bring a claim under *Bivens*. [Doc. 10 at 4.] Further, even if Plaintiff were to name an individual defendant, the Magistrate Judge concluded that Plaintiff's constitutional claims would still be subject to summary dismissal because the administrative denial of his negligence claim based on the statute of limitations does not violate the First Amendment. [*Id*.] The Magistrate Judge further noted that *Bivens* does not support claims under the First Amendment, Ninth Amendment, or Supremacy Clause. [*Id*.]

In his objections to the Report, Plaintiff first states that he "would like to amend [his] FTCA [c]laim to name the United States as the Defendant, rather than the US Army Claims Service." [Doc. 12 at 1.] However, even liberally construing Plaintiff's objection as a motion to amend the Complaint, the Court overrules Plaintiff's objection because

3

such amendment would be futile, as Plaintiff's claim is still time barred for the reasons discussed by the Magistrate Judge. [*See* Doc. 10 at 3–4.]

Next, Plaintiff objects to the Magistrate Judge's conclusion that his FTCA is time barred, arguing that although he was declared disabled by the Social Security Administration in 2016, he was unaware of the FTCA in 2016 and did not have the mental capacity to research the FTCA. [Doc. 12 at 1–2.] He further contends that he was aware of the two-year statute of limitations when he filed his claim but that he "sincerely believed that the language in the FTCA was at odds with the U.S. Constitution." [*Id*. at 2.] Plaintiff does not provide any support for the latter contention, and the fact that he was unaware of the FTCA until recently does not constitute an "exceptional circumstance" that warrants equitable tolling.[1] *See U.S. v. Sosa*, 364 F.3d 507, 512–13 (4th Cir. 2004) (holding that "ignorance of the law is not a basis for equitable tolling" and that "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity" such as institutionalization or adjudged mental incompetence).

As to the Magistrate Judge's recommendations on his remaining constitutional claims, Plaintiff does not address the Magistrate Judge's conclusion that Plaintiff has failed to name individual persons as defendants as required to bring a claim under *Bivens*,

---

[1] Plaintiff also argues that his allegations regarding his brother's failure to "come forward with the truth" about Plaintiff's rapes until he was an adult should qualify as an exceptional circumstance and toll the statute of limitations. [Doc. 12 at 2.] As with Plaintiff's other arguments in support of an exceptional circumstance, however, his brother's truthful testimony or lack thereof did not actually prevent Plaintiff from filing on time. *See Sosa*, 364 F.3d at 512 ("[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present: (1) extraordinary circumstances (2) beyond his control or external to his own conduct; (3) that prevented him from filing on time." (internal quotation marks omitted)). Plaintiff's objection is accordingly overruled.

4

nor does he address the Magistrate Judge's conclusion that a *Bivens* claim is not available for violations of the First Amendment, Ninth Amendment, or Supremacy Clause. [*See generally* Doc. 12.] Instead, Plaintiff generally repeats his arguments regarding his constitutional claims and contends that the Court should revisit prior decisions disallowing these types of claims. [*Id*. at 3–5.]

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 11, 2025
Florence, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.