IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marquis Lamont Harris,<br><br>Plaintiff,<br><br>v.<br><br>United States,<br><br>Defendant. | Case No. 4:24-cv-00578-SAC-TER<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff Marquis Lamont Harris's ("Plaintiff") Objections to the Magistrate Judge's Order denying Plaintiff's Motion to Appoint Counsel, ECF No. 52. ECF No. 54. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings. For the reasons stated below, the Magistrate Judge's Order is AFFIRMED.

## BACKGROUND

Plaintiff, proceeding *pro* se and *in forma pauperis*, filed this action asserting a claim under the Federal Torts Claim Act ("FTCA") based on alleged abuse he experienced beginning in the 1980s by his then stepfather, an Army servicemember. ECF No. 1 at 5-7. Plaintiff also asserted constitutional claims under the First Amendment, Ninth Amendment, and Supremacy Clause for the administrative denial of his negligence claim and claims that would fall under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* On February 9, 2024, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal of the Complaint. ECF No. 10. Relevant here, the Magistrate Judge recommended dismissal of Plaintiff's claim under the FTCA, among other things, because it was time barred. *Id.* at 3. The District Court Judge accepted the Report over Plaintiff's objections. ECF No. 12; 19.

Plaintiff appealed the dismissal. ECF No. 22. The Fourth Circuit affirmed dismissal of Plaintiff's constitutional claims and claims asserted under *Bivens*, but vacated dismissal of Plaintiff's FTCA claim. ECF No. 26 at 2-3. The Fourth Circuit remanded the case for further proceedings on the issue of equitable tolling of Plaintiff's FTCA claim such that it was not time barred under the two year statute of limitations. *Id.* at 3. This matter was recommitted to the Magistrate Judge for a recommendation as to whether Plaintiff alleges sufficient facts to demonstrate he is entitled to equitable tolling. ECF No. 28. After remand, Plaintiff amended the Complaint to properly name the United States as Defendant. ECF Nos. 33; 37. The United States filed a Motion to Dismiss. ECF No. 44. Shortly thereafter, Plaintiff moved to have counsel appointed. ECF No. 47.

Plaintiff argued appointment of counsel is warranted because (1) his FTCA claim has demonstrated merit, as confirmed by the Fourth Circuit's remand; (2) this case presents complex questions of federal law, including FTCA jurisdiction, the equitable tolling doctrine, and sovereign immunity; (3) Plaintiff suffers from severe, clinically documented psychiatric disabilities that substantially impair his ability to adequately represent himself; and (4) Plaintiff is indigent, having been granted *in forma pauperis* status by the Magistrate Judge. *Id.* at 1-6. Moreover, Plaintiff claimed that the interest of justice strongly favored appointment because it would ensure the factual record on equitable tolling was properly developed and presented and that proceedings on remand were conducted efficiently and fairly. *Id.* at 6. On August 3, 2026, the Magistrate Judge issued an Order denying the motion to appoint counsel, finding there was no exceptional circumstances requiring appointment (the "August 3rd Order"). ECF No. 52. The Magistrate Judge found that although the face of the Complaint appears to present a non-frivolous claim, the

case is not objectively complex, and Plaintiff's briefing demonstrates he has the abilities necessary to present his claim. *Id.* at 2-3.

Plaintiff objects on several grounds: (1) the Order mischaracterizes the case as a civil rights action; (2) the Order fails to make a fact-specific finding under Fourth Circuit precedent and contains only a one-sentence analysis of the case's complexity and Plaintiff's capacity; (3) the Order's conclusion is counter to the caselaw cited therein; (4) the Order does not address principles under 28 U.S.C. § 1915(e)(1); and (5) the Order does not consider the totality of Plaintiff's circumstances. ECF No. 54. Plaintiff also asserts that counsel should be appointed in the interest of justice. *Id.* at 10-11.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 72(a), a magistrate judge may hear and determine non-dispositive matters. When appropriate, a magistrate judge is permitted to "issue a written order stating the decision" on such matters. Fed. R. Civ. P. 72(a). Review of a Magistrate Judge's decision on non-dispositive matters is deferential, and such rulings will be modified or set aside only if they are "clearly erroneous or contrary to law." *Id.* (citation modified); *see also* 28 U.S.C. § 636(b)(1)(A). A ruling "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted).

**ANALYSIS**

After careful review of the record, this Court concludes that the Order is not clearly erroneous or contrary to law. The Court has conducted a deferential review as directed

by Rule 72(a) and found that the August 3rd Order is not clearly erroneous for the reasons stated below and in the Magistrate Judge's Order.

**I. Plaintiff's First Objection**

In Plaintiff's first objection, he asserts the Magistrate Judge mischaracterized his lawsuit as a "civil rights action" and this mischaracterization has adversely colored the Magistrate Judge's analysis. ECF No. 54 at 3-4. Plaintiff argues that as a consequence of the mischaracterization, the Magistrate Judge violates Fourth Circuit precedent by citing to and relying on a framework developed for prisoner civil rights cases rather than a non-prisoner FTCA personal injury suit. *Id.* at 4. However, regardless of the type of case before the court, nothing suggests that the analysis applied by the Magistrate Judge was not the correct one. In *Jenkins*, *v. Woodard*, the case cited by Plaintiff, the Fourth Circuit held whether to appoint counsel "requires the court to determine (1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." 109 F.4th 242, 247 (4th Cir. 2024) (citation modified). That is the very analysis the Magistrate Judge undertook when deciding Plaintiff's motion for appointment of counsel. ECF No. 52 at 2-3. Plaintiff's first objection is therefore overruled.

**II. Plaintiff's Second Objection**

In his second objection, Plaintiff asserts the Magistrate Judge failed to make fact-specific findings under Fourth Circuit precedent on the issue of complexity and capability. ECF No. 54 at 4-6. The Court finds that the Magistrate Judge's analysis was sufficient and rejects Plaintiff's arguments that his case is complex and his abilities limited.

Fourth Circuit precedent mandates only that a lower court considers whether a plaintiff has a colorable claim, whether the case is objectively complex, and the plaintiff's subjective

abilities. *Jenkins*, 109 F.4th at 247. The Court is satisfied that the Magistrate Judge has made those findings after a thorough review of the record. ECF No. 52 at 2-3. The Court further finds that the threshold issue of whether Plaintiff suffered ailments so debilitating as to equitably toll the statute of limitations and Plaintiff's negligence claim under the FTCA are not objectively complex.

Plaintiff argues, however, the Fourth Circuit has found the legal issues here sufficiently complex in its opinion remanding the case. ECF No. 54 at 5. Plaintiff reads too much into the Fourth Circuit's remand on the tolling issue. The Fourth Circuit opined that further factfinding was necessary on whether Plaintiff's alleged medical conditions constituted exceptional circumstances sufficient to equitably toll the statute of limitations under the FTCA. ECF No. 26 at 3. The Fourth Circuit did not find Plaintiff's case was complex under 28 U.S.C. § 1915(e)(1).

Moreover, Plaintiff continues to demonstrate he understands the basic legal principles applied to his claims and has not established difficulty reading, writing, or understanding the documents he receives from the United States or the Court. Plaintiff opens his objections to the August 3rd Order by stating he used an artificial intelligence writing tool to assist in the research, organization and drafting of his objections. ECF No. 54 at 1. He posits his use of "assistive technology" is evidence of his limitations. *Id.* The Court, however, finds otherwise. Indeed, the Court notes Plaintiff has demonstrated he understands the nature of his case, the arguments necessary to present his position, and the procedural process required to advance his claims. With respect to these abilities, demonstrated throughout the case, Plaintiff's abilities, if anything, are merely aided by the use of Artificial Intelligence.

On the record before the Court, there is nothing to call into question Plaintiff's abilities to proceed *pro* se. Plaintiff's objection is accordingly overruled.

## III. Plaintiff's Third Objection

Plaintiff asserts in his third objection that the precedent cited in the Magistrate Judge's Order dictates appointing counsel, not the opposite. ECF No. 54 at 7-8. Many arguments under this objection are repetitive of arguments made elsewhere in Plaintiff' submission and are already addressed herein. However, Plaintiff also argues *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993), "the most factually relevant case the Magistrate Judge cited – reversed a magistrate judge's denial of counsel for failing to make specific findings on both required factors" and "[t]he Magistrate Judge cited *Brock* in his order while committing the identical error *Brock* condemned." *Id.* at 7 (italics added).

In *Brock*, an inmate was attacked by another and suffered a concussion and back and leg injuries. *Brock*, 983 F.2d at 1055. Brock filed suit *pro se* and *in forma pauperis* against the City of Richmond and a deputy alleging violations of § 1983 resulting from the attack. *Id.* At the outset of his lawsuit, Brock requested counsel to assist him in his claim. *Id.* The Fourth Circuit held "[t]here is no constitutional right to have counsel appointed in a civil case." *Id.* (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). The Fourth Circuit noted it is an abuse of discretion for the court to decline to appoint counsel where a plaintiff presents exceptional circumstances. *Id.* The existence of exceptional circumstances "will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." *Id.* Ultimately, the Fourth Circuit found there was an abuse of discretion because there was no indication either the district judge or the magistrate judge ever considered Brock's level of education, background, knowledge of the law, or ability to prosecute his claim. *Id.* This case is readily distinguishable. The Magistrate Judge, and now this Court, have considered Plaintiff's

abilities and find they thus far have been more than adequate. Along with the finding that his claim was not complex, the Magistrate Judge correctly determined exceptional circumstances did not exist.

**IV. Plaintiff's Fourth Objection**

In his fourth objection, Plaintiff asserts that the Magistrate Judge does not consider the provisions of §1915(e)(1). ECF No. 54 at 8. Plaintiff appears to argue the Magistrate Judge somehow indicated §1915 was limited to civil rights cases or prisoner cases. *Id.* The Court finds no such suggestion in the Magistrate Judge's Order. As Plaintiff points out, §1915(e) provides the court with "broad discretion" and, in this instance, the Court finds the discretion was not abused nor were the principles in §1915 and related precedent ignored as Plaintiff claims. *Cf. Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971).

**V. Plaintiff's Fifth Objection**

In his fifth objection, Plaintiff tallies several diagnoses and conditions that, taken together, present exceptional circumstances supporting the appointment of counsel. ECF No. 54 at 8-10. The Court finds that despite the alleged illnesses and diagnoses, Plaintiff has consistently displayed that he is intelligent, understands the law, is capable of explaining his version of events and making legal arguments. Accordingly, the Court agrees with the Magistrate Judge that given the lack of complexity of the case and Plaintiff's demonstrated abilities, there are no exceptional circumstances warranting the appointment of counsel.

**VI. Plaintiff's Sixth Objection**

Finally, Plaintiff asserts that the interests of justice and fundamental fairness require reversal of the Magistrate Judge's Order. ECF No. 54 at 10-11. Plaintiff argues the record before the Magistrate Judge, and now this Court, shows only a litigant who is now facing the most complex and consequential state of this litigation, against the full resources of the United States Department of Justice. *Id.* at 10. Plaintiff also argues that in addition to his own interest, the Court's interest will be served by ensuring the factual record on equitable tolling will be properly developed, proceedings conducted efficiently, and an ultimate resolution will be reached on the merits. *Id.* at 11.

The Court rejects Plaintiff's objections on both counts. The appointment of counsel does not turn on whether an inmate has the unfettered ability to replicate the research and investigation that a trained attorney could provide. *See Pembleton v. USAF*, No. CV 3:22-3989-MGL-SVH, 2024 WL 7074318, at *4 (D.S.C. Apr. 4, 2024); *Claudio v. GEO Grp.*, No. 5:10-CT-3042-F, 2012 WL 3114560, at *3 (E.D.N.C. July 31, 2012). It stands, then, the inquiry cannot also depend on whether Plaintiff is facing attorneys who have education and training which he does not possess. Rather, appointing counsel depends on whether Plaintiff has the capacity to present his claims. *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Plaintiff has demonstrated ample capacity to present his case, such that the principles of fundamental fairness and justice are not offended by denying his motion to appoint counsel. The Court is equally assured that, given his efforts thus far, any interest the Court has in developing a factual record, proceeding efficiently, and ensuring resolution on the merits will be served.

Accordingly, the Court finds the Magistrate Judge's analysis of Plaintiff's motion was well reasoned and proper. Plaintiff has not provided sufficient grounds under Rule 72(a) for this Court to modify or set aside the Magistrate Judge's Order.

## CONCLUSION

Based on the above, the Order Denying Appointment of Counsel [ECF No. 52] is **AFFIRMED**.

**IT IS SO ORDERED**.

_______________________
United States District Judge

September 4, 2026
Florence, South Carolina